IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

    Plaintiff,

v.

SERGEANT JOSH O'MALLEY and
OFFICER MICHAEL MCCLAIN,

    Defendants.

OPINION and ORDER

20-cv-795-jdp

---

    Pro se plaintiff Michael D. Terrell filed this civil action under 42 U.S.C. § 1983, alleging that police officers acted unreasonably by holding a gun against his head during an arrest. Terrell's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Terrell seeks monetary relief from a defendant who is immune from such relief. Because Terrell's complaint does not support a federal claim for relief against defendants, I will dismiss this case.

ALLEGATIONS OF FACT

    Terrell alleges that defendants Sergeant Josh O'Malley and Officer Michael McClain stopped him as he was leaving a bar around 2:00 a.m. on June 6, 2020. O'Malley told Terrell that he had locked him up for drugs in the past and that he did not think Terrell was permitted to be in bars. O'Malley also saw what appeared to be a gun in Terrell's waistband. (The item at Terrell's waistband was actually a cell phone clip, but Terrell did have concealed gun with him.) O'Malley and McClain told Terrell that they were going to check with Terrell's probation officer to see whether he was permitted to be in a bar, and they asked Terrell to walk with them

to their squad car. Terrell tried to run away, but he tripped and fell on the ground. O'Malley got on Terrell's back and held him down. O'Malley asked Terrell whether he had a gun, and when Terrell said that he did, O'Malley yelled "gun" and then immediately confiscated Terrell's gun. Terrell felt O'Malley's gun pressing into his head. Terrell was terrified that O'Malley was going to shoot him. Terrell later complained to O'Malley's supervisor about O'Malley's holding a gun against his head, and the lieutenant told Terrell that O'Malley had just been using the flashlight mounted on his gun.

(Wisconsin's online court records show that Terrell was later charged in state court with drug charges, being a felon in possession of a firearm, and carrying a concealed weapon based on the June 6 incident. That criminal case remains pending.)

ANALYSIS

Terrell contends that defendant O'Malley violated his constitutional rights by holding the gun against the back of his head during his arrest. (Although Terrell also names McClain as a defendant, Terrell's complaint does not include any allegations related to specific actions taken by McClain.) The Fourth Amendment prohibits law enforcement officers from using force that is excessive or unreasonable during a search or seizure. *Archer v. Chisholm*, 870 F.3d 603, 617 (7th Cir. 2017). Whether force is excessive or unreasonable depends on the circumstances, *id.*, and whether an officer's use or display of a weapon is reasonable depends on whether an objectively reasonably officer would think there is a risk of danger. *Baird v. Renbarger*, 576 F.3d 340, 342, 344 (7th Cir. 2009).

The court of appeals has stated that it is unreasonable for police to point their guns at citizens when there is no hint of danger, but that police officers are allowed to do so when there

2

is reason to fear danger. *Id.* In *Baird,* the court of appeals held that it was unreasonable for an officer to use a submachine gun to round up and detain people during the search of store related to a non-violent crime where there was "no reason to believe that there would be resistance." *Id.* at 344–45. *See also Jacobs v. City of Chicago*, 215 F.3d 758, 773–74 (7th Cir. 2000) (pointing gun at elderly man's head for 10 minutes after realizing that he was not desired suspect and presented no resistance was "out of proportion to any danger that [man] could possibly have posed to the officers or any other member of the community"); *McDonald v. Haskins*, 966 F.2d 292, 294–95 (7th Cir. 1992) (pointing gun at nine-year-old child during search and threatening to pull trigger was "objectively unreasonable").

In contrast, the court of appeals has stated that it is reasonable for officers to draw their weapons if they have a legitimate reason to fear danger. *See, e.g., Williams v. City of Champaign*, 524 F.3d 826, 827 (7th Cir. 2008) (police did not act unreasonably by pointing their guns at someone who they reasonably believed might have committed a double robbery moments before); *McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir. 2002) (officer did not act unreasonably by pointing gun at suspect who had refused to stop his car).

Based on Terrell's own allegations, Sergeant O'Malley's use of his weapon was reasonable under the circumstances. Terrell alleges that O'Malley was familiar with Terrell's criminal history of drug convictions, and that O'Malley saw him leaving a bar at 2:00 a.m. with what O'Malley believed was a gun in his waistband. When O'Malley told Terrell to stop so that O'Malley could contact Terrell's probation officer, Terrell ran. O'Malley detained Terrell and held his gun on him after Terrell fell to the ground and admitted to being armed with a gun. It is not clear from Terrell's allegations whether it was O'Malley's weapon itself against Terrell's head or whether it was the flashlight on the weapon. But even assuming it was

3

O'Malley's weapon, O'Malley's action was not unreasonable under the circumstances. Because Terrell was armed and had attempted to flee, O'Malley had a legitimate reason to fear danger. Terrell does not allege that O'Malley pointed a gun at him for an extended period of time, that O'Malley threatened to shoot him, or that O'Malley physically injured him. In sum, Terrell's own allegations show that O'Malley's use of his gun during his detention and arrest of Terrell did not violate Terrell's Fourth Amendment rights. Therefore, Terrell's complaint will be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael D. Terrell's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted.

2. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered September 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge